IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| IN RE: | * | Chapter 11 |
| **NANCY V. JACKSON** | * |  |
| *Debtor* |  | Case No.: **09-33905** |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

|  |  |  |
|---|---|---|
| **NANCY V. JACKSON** |  |  |
| *Plaintiff* | * |  |
| v. |  | Adversary No.: **10-00229** |
| **RONALD KATZ**, *et al* | * |  |
| *Defendant* |  |  |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## PLAINTIFF'S MOTION FOR JUDGMENT ON
## THE PLEADINGS AS TO ALL COUNTS

**NOW COMES**, Nancy V. Jackson, "Plaintiff", by her attorneys KIM PARKER and Law Office of KIM PARKER, P.A., and hereby moves the Court for Judgment on the Pleadings as more fully stated in the attached Memorandum of Law. Based on the foregoing, Plaintiff is entitled to Judgment on the Pleadings.

Respectfully submitted,

LAW OFFICE OF KIM PARKER, P.A.

/s/ Kim Parker
_____
Kim Parker, Esq., (Bar#23894)
Attorney for Plaintiff
2123 Maryland Avenue
Baltimore, Maryland 21218
410-234-2621-F; 410-234-2612
kp@kimparkerlaw.com

C:\1205785\Jackson\Judgment Motion

## CERTIFICATE OF SERVICE

     I HEREBY CERTIFY, that the foregoing was delivered via electronic mail on August 9, 2010, to :

Ronald B. Katz, Esquire
via: rkatz@rbkpa.net
Counsel for Defendant(s)

                            /s/ Kim Parker
                            _____
                            Kim Parker, Esq. (Counsel for Plaintiff)

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| IN RE: | Chapter 11 |
| **NANCY V. JACKSON** | |
| *Debtor* | Case No.: **09-33905** |
| **NANCY V. JACKSON** | |
| *Plaintiff* | |
| v. | Adversary No.: **10-00229** |
| **RONALD KATZ**, *et al* | |
| *Defendant* | |

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION JUDGMENT ON PLEADINGS

FACTUAL STATEMENT

On September 1, 2009, Defendant filed an action in the Circuit Court for Baltimore City, based on an alleged Consent Judgment signed by the Defendant Nancy V. Jackson. On September 21, 2009, this Court entered Judgment in favor of the Plaintiff in the amount of $137,670.61.

On September 30, 2009, Plaintiff filed a Writ of Garnishment of Defendants Wages and served said writ on Defendant's current employer CitiFinancial. Moreover, the Defendant also served a Writ of Non-Wage Attachment on the Defendant's bank account currently with Citibank.

On December 2, 2009, the Defendant filed for Bankruptcy in the Northern District of Maryland under Chapter 13.

The Plaintiff was duly listed as a creditor in said bankruptcy and pursuant to 11 U.S.C. 362 of the bankruptcy code should have immediately taken the necessary steps to apprise the Court and stay these proceedings. Section 362(a)(1) automatically stays the "commencement or continuation" of judicial actions to recover claims against debtors that arose prior to filing of a bankruptcy petition.

On December 29. 2009, Defendant Ronald B. Katz and Law Office of Ronald B. Katz, P.A., filed an entry of appearance in the Chapter 13 on behalf of creditor AmericasBank.

A Notice of Suggestion of Bankruptcy was filed with the Circuit Court For Baltimore City on January 26, 2010 and March 4, 2010, and a copy sent to the Plaintiff counsel Ronald B. Katz.

On or about March 4, 2010, the undersigned counsel, contacted Ronald Katz, Esq., the attorney for AmericasBank telephonically. Plaintiff's counsel acknowledged that he was aware of the bankruptcy and in all likelihood had received the Notice of Suggestion filed with the Circuit Court, although he could not say for sure since he did not have the file in front of him. Moreover, counsel notwithstanding having knowledge of the bankruptcy filing since December, 2009, stated it was neither his nor his client's obligation to cease the wage garnishment and it was solely up to the Defendant to do so, by filing a notice with her employer and/or filing a Motion to Stay Wage Garnishment with the Circuit Court. Counsel's position is an erroneous interpretation of the Bankruptcy Statue.

After repeated demands for the Defendants' to cease and desist their collection efforts , Plaintiff filed suit in this Court on April 8, 2010.

The Defendant(s) on July 8. 2010, filed an Answer to the Complaint. (Docket entry 27), in it's answer Defendant(s) admitted that the Defendant Ronald Katz and Law Office of Ronald

Katz, P.A., entered an appearance in the Plaintiff's Bankruptcy case on December 29, 2009, on behalf of Defendant AmericasBank (Answer ¶6) and essentially admitting on said date, they knew of the Plaintiff's Bankruptcy.

Interestingly in Defendants' (Answer ¶8) Defendant(s) confirmed the fact they had a telephone conversation with undersigned counsel on March 3, 2010. Moreover, Defendant confirms that during said conversation undersigned counsel requested that Defendant Katz file a dismissal of the Writ of Garnishment of Wages ("the "Wage Garnishment") and that Defendant Katz stated that it was neither his nor his client's obligation to prepare and file any documents concerning the Wage Garnishment because all action was stayed. Defendant Katz goes further to state that Plaintiff's counsel should prepare a document for his review and signature. Although, Defendant(s) Answer attempted to misdirect the Court from the issue at hand, no denial of their wrongful acts and willful violation of the Automatic Stay were proffered. Instead their Answer supports the Plaintiff's Complaint. Plaintiff is now entitled to Judgment on the Pleadings as there is no issue of material fact in dispute.

## ARGUMENT STANDARD OF REVIEW

Under Fed. R. Civ. P. 12(c), Fed. R. Bankr. P. 7012, "[a]fter the pleadings are closed – but early enough not to delay trial – a party may move for a judgment on the pleadings." In reviewing a motion for a judgment on the pleadings, the court "assumes the facts alleged in the relevant pleadings to be true, and . . . draw[s] all reasonable inferences therefrom." *Volvo Constr. Equip. N.Am., Inc. v. CLM Equip. Co.*, 386 F.3d 581, 591 (4th Cir. 2004). Inferences are drawn in favor of the non-moving party. *Burbach Broad. Co. v. Elkins Radio Corp.*, 278 F.3d 401, 406 (4th Cir. 2002).

Under Fed.R.Civ.P. 12(c) of F.R.C.P., a Court may enter a partial judgment on the pleadings to help narrow the issues necessary for discovery and preparation for trial or dispositive motions. This Court recently summarized the standard for judgment on the pleadings as follows:

> With respect to certain claims, [a party may] Defendant move[] for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure. See Fed.R.Civ.P.12(c) ("After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings."); see also 5A C. Wright & A. Miller, Federal Practice & Procedure § 1367 (West 1990) (pleadings are considered closed "upon the filing of a complaint and answer.") (citing Fed.R.Civ.P. 7(a); footnotes omitted).

## I.   THE DEFENDANT(S) WILLFULLY VIOLATED THE AUTOMATIC STAY

That the Defendant AmericasBank received notice of the Bankruptcy and their counsel, Ronald B Katz, Esq., and The Law Office of Ronald B. Katz, P.A., entered their appearance in the case on December 29, 2009. (Answer¶7). That it is unrefuted that that the Defendant's took no action to cease collection efforts.

That it is unrefuted that Defendant AmericasBank, along their counsel, Ronald B. Katz, Esq, and Law Offices of Ronald B. Katz, P.A., , were provided with adequate notice of the bankruptcy proceeding on multiple occasions as evident by the communication with Plaintiff's Counsel and the subsequent Motion to Stay (Answer¶6).

That it is unrefuted that Defendant(s) have willfully violated the Automatic Stay provision of the Federal Bankruptcy Code, even after receiving notice of the willful violation of the automatic stay from undersigned counsel and notice of this adversary proceeding from the Court. (Answer¶6).

That it is unrefuted that Defendant(s) have willfully failed to restore the status quo of the Debtor that existed prior to the violation, even after receiving notice of the willful violation of the automatic stay from undersigned counsel and notice of this adversary proceeding from the Court, but instead caused additional monetary damages to be incurred by the Plaintiff, even to the point of mailing the wrongfully collected garnishment checks back to the employer, thereby further delaying the return of the Plaintiff to the status quo. (Answer¶6).

That the Plaintiff is under no positive duty of law, nor ever possessed the authority as a Debtor, to extinguish collection attempts of a creditor beyond the creditor receiving notice of a properly filed bankruptcy petition.

## II.  THE PLAINTIFF IS ENTITLED TO PUNITIVE DAMAGES AND ATTORNEYS FEES FOR WILLFUL VIOLATION OF STAY

That a willful violation of the automatic stay occurs when the creditor fails to act affirmatively to prevent an action prohibited by the stay. *Matter of Sams*, 106 B.R. 485 (Bankr. S.D. Ohio 1989). That punitive damages are appropriate where a willful violation of the automatic stay occurs by a creditor after being warned by debtor's attorney that the conduct violates the stay. See e.g., *In re Bloom,* 875 F.2d 224 (9th Cir. 1989).

A "willful" violation of the automatic stay occurs when "'the creditor acts deliberately with knowledge of the bankruptcy petition.'" *Robb v. Nat'l Tree Co*. (In re Robb), 399 B.R. 171, 175 (Bankr. N.D.W. Va. 2008) (citation omitted); see also *Cooper v. Shaw's Express* (In re Bulldog Trucking), No. 94-1936, 1995 U.S. App. LEXIS 29654 at *9-10 (4th Cir. Oct. 19, 1995) ("'A 'willful violation' does not require a specific intent to violate the automatic stay. Rather, the statute provides for damages upon a finding that the defendant knew of the automatic stay and that the defendant's actions which violated the stay were intentional.'") (citation omitted). In

instances like this one, where a creditor fails to stop the continuation of a pre-petition garnishment, courts have held that the creditor willfully violates the automatic stay by failing to affirmatively act to release the garnishment. E.g., *Spagner v. Latham, Stall, Wagner, Steel & Lehman* (In re Spagner), CIV-04-508, 2005 U.S. Dist. LEXIS 46883 (W.D. Okla. Aug. 15, 2005) (stating that the creditor's failure to affirmatively act to stop a garnishment after receiving knowledge of the bankruptcy filing was a willful violation of the stay); *Roche v. Pep Boys, Inc*. (Inre Roche), 361 B.R. 615, 622 (Bankr. N.D. Ga. 2005) (same); *In re Johnson*, 253 B.R. 857 (Bankr.S.D. Ohio 2000) (same). As aptly stated by one bankruptcy court:

> In a garnishment proceeding, no amounts should be seized or withheld from the Debtor's wages after the filing of a bankruptcy petition. It is clear beyond all doubt that garnishing creditors are required to take all necessary action to release their garnishments in order to implement the automatic stay, upon receiving notice of a bankruptcy filing. This is true even if the garnishment process became effective prior to the date of the bankruptcy filing and did not, at the time it first became effective, violate the automatic stay. Indeed, the creditor must not only cease from taking any affirmative action which would violate the automatic stay, it must also take all necessary affirmative action to stop proceedings which are in violation of the automatic stay.

The automatic stay of the Bankruptcy Code goes into effect when a case is filed. 11 U.S.C.§ 362(a). Among other things, the automatic stay prevents "the continuation . . . of a . . . proceeding against the debtor that was . . . commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case . . . ." §362(a)(1). The stay also prevents "the enforcement against the debtor, or against property of the estate, of a judgment obtained before the commencement of the case." § 362(a)(2). In addition to protecting the relative position of creditors, the purpose of the automatic stay "is to shield the debtor from financial pressure during the pendency of the bankruptcy proceeding." Winters By & Through *McMahon v. George Mason Bank*, 94 F.3d 130, 133 (4th Cir. 1996); see also *Williford v. Armstrong World Indus.*, 715 F.2d 124, 127 (4th Cir. 1983) (stating that the automatic stay "'stops all collection efforts, all harassment, and all foreclosure

actions. It permits the debtor to attempt a repayment or reorganization plan, or simply to be relieved of the financial pressures that drove him into bankruptcy.'") (citation omitted). When a creditor willfully violates the automatic stay, the debtor has a cause of action for actual damages, costs, attorney fees, and in appropriate circumstances, punitive damages. 11 U.S.C. § 362(k).

### III. THE PLAINTIFF IS ENTITLED TO THE RETURN OF ALL MONIES GARNISHED OVER NINETY (90) DAYS

That it is unrefuted that Plaintiff is entitled to return of all funds garnished over ninety (90) days. (Answer¶13).

> Section 547(b) states:
> Except as provided in [11 U.S.C.A. § 547(c) and (i)],
> the trustee may avoid any interest of the debtor in
> property-
> (1) to or for the benefit of a creditor;
> (2) for or on account of an antecedent debt owed by
>     the debtor before such transfer was made;
> (3) made while the debtor was insolvent;
> (4) made-
>     (A) on or within 90 days before the date of the filing
>     of the petition; or
>     (B) between ninety days and one year before the
>     date of the filing of the petition, if such creditor at
>     the time of such transfer was an insider; and
> (5) *that enables such creditor to receive more than*
>   *such creditor would receive if-*
>     (A) the case were a case under chapter 7 of this
>     title;
>     (B) the transfer had not been made; and
>     (C) such creditor received payment of such debt to
>     the extent provided by the provisions of this title.

The Bankruptcy Code's preference section serves two goals. First, it prevents companies from "racing to the courthouse to dismember the debtor during his slide into bankruptcy." *Harman v. First Am. Bank of Md.* (In re Jeffrey Bigelow Design Group, Inc.), 956 F.2d 479, 487 (4th Cir.1992) (internal quotation marks omitted). And second, it protects "equality of

distribution among creditors of the debtor." Id. (internal quotation marks omitted). Except as specified in the Bankruptcy Code, a bankruptcy trustee may avoid as a preference a transfer made by an insolvent debtor to a creditor on account of an antecedent debt within 90 days before the date of the filing of the bankruptcy petition if a certain condition is satisfied.1 See 11 U.S.C.A. § 547(b). That condition is that the transfer to be avoided must have enabled the creditor to receive more than it would have received from the debtor's Chapter 7 bankruptcy on the debt the transfer extinguished if the payment sought to be avoided had never been made. See11 U.S.C.A. § 547(b)(5). Section 547(c) provides exceptions for certain preferential transfers, the avoidance of which would not further the purposes of § 547(b). Section 547(c)(1) provides that a transfer cannot be avoided "to the extent [it] was . . . intended by the debtor and the creditor to or for whose benefit [it] was made to be a contemporaneous exchange for new value given to the debtor; and [it] in fact [was] a substantially contemporaneous exchange." 11 U.S.C.A. § 547(c)(1). The purpose of the § 547(c)(1) exception is "to encourage creditors to continue to deal with troubled debtors without fear that they will have to disgorge payments received for value given." Collier on Bankruptcy ¶ 547.04 (Alan N. Resnick & Henry J. Sommereds., 16th ed. 2009).

WHEREFORE, Plaintiff respectfully request that this Court, grant Judgment on the Pleadings in favor of Plaintiff for (1) Damages, (2) Punitive Damages, (3) Attorneys Fees and Cost and (4) for other and further relief as may be deemed just and equitable.

          Respectfully Submitted,

          LAW OFFICE OF KIM PARKER, P.A.


          /s/ Kim Parker
          _____
          Kim Parker, Esq., (Bar#23894)
          Attorney for Plaintiff
          2123 Maryland Avenue
          Baltimore, Maryland 21218
          410-234-2621-F; 410-234-2612
          kp@kimparkerlaw.com