IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| IN RE: | Chapter 11 |
| **NANCY V. JACKSON** | |
| *Debtor* | Case No.: **09-33905** |
| **NANCY V. JACKSON** | |
| *Plaintiff* | |
| v. | Adversary No.: **10-00229** |
| **RONALD KATZ**, *et al* | |
| *Defendant* | |

### RESPONSE AND OPPOSITION TO MOTION TO DISQUALIFY PLAINTIFF'S COUNSEL AND FOR SANCTIONS

NOW COMES, Nancy V. Jackson, "Plaintiff", by her attorneys KIM PARKER and The LAW OFFICE OF KIM PARKER, P.A., and responds to the Defendants Motion to Disqualify Counsel and for her cause state:

1. As a preliminary matter, the Defendants Motion to Disqualify Plaintiff's Counsel "The Motion:", was not proffered to the Court with meaningful discussion and was proffered to the Court without meaningful support. The Motion was filed in bad faith.

2. The issue in this case is clear as to whether not the Defendants Violated the Automatic Stay by their continuing of a wage garnishment against the Plaintiff.

3. As fully briefed in the Plaintiff's Motion for Judgment on the Pleadings[1], there are no material facts in dispute.

---

[1] Docket entry 31

4. Counsel's testimony in the case is not needed as the Defendant Ronald B. Katz, in his answer has already admitted to the conversation between his office and the undersigned counsel as alleged in the Complaint.

5. In Defendant's Answer he states the following:

"Defendants deny the allegations of Paragraph 14, except that Defendants admit a phone conversation took place between Ronald B. Katz and Kim Parker on March 3, 2010. During that conversation, Kim Parker asked that Ronald B. Katz file a dismissal of the Writ of Garnishment of Wages (the "Wage Garnishment") on behalf of AmericasBANK. A copy of the Wage Garnishment is attached as Exhibit A. Mr. Katz stated that it was neither his nor his client's obligation to prepare and file any documents concerning the Wage Garnishment because all action was stayed. Further, Ronald B. Katz stated to Ms. Parker that she could prepare a document for his review for Mr. Katz to sign on behalf of AmericasBANK agreeing that the Wage Garnishment would not be dismissed and Ms. Jackson's employer should cease garnishing her wages and sending checks to Mr. Katz's office pending the conclusion of Ms. Jackson's bankruptcy." Answer ¶8

6. As demonstrated in the above-answer, It is undisputed that Defendant Katz and undersigned counsel had a conversation regarding the Plaintiff's bankruptcy case. It is undisputed that undersigned counsel requested that Defendant Katz file a dismissal of the writ of garnishment. It is undisputed that the Defendant Katz stated it was neither his client nor his obligation to prepare and file any documents concerning the wage garnishment.

7. Whether counsel faxed the Defendant Katz a letter confirming her conversation is of no consequence. The greater issue is whether Defendant Katz had notice of the Bankruptcy and clearly he did as is evident by Defendant Katz' answer.

8. It is unnecessary for the undersigned counsel to testify as a witness, to the above described actions which are undisputed by the parties.

9. The Defendants can state no legal basis for its purported unclean hands defense and lacks any legal foundation or basis for said defense.

10. It is important to note that the Defendant Katz representing himself in this matter as counsel, would run afoul of Maryland Rule of Professional Conduct (MRPC) 3.7, Lawyer as Witness, provides in relevant part that "(a) A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness." MRPC 3.7(a).

11. Defendant Katz will be a witness, both for himself, and for his firm The Law Office of Ronald B. Katz, P.A., which is also a Defendant, as well as a potential witness called by the Plaintiff. Accordingly he is ethically barred from acting as an advocate.

12. Moreover, Eric A. Hartlaub, Esq., is only barely able to act as counsel himself, given the other part of MRPC 3.7, which provides that "(b) A lawyer may act as advocate in a trial in which another lawyer in the lawyer's firm is likely to be called as a witness unless precluded from doing so by Rule 1.7 and 1.9." MRPC 3.7(b).

13. The Defendants Motion is deserving of sanctions for its utter frivolity.

WHEREFORE, Plaintiff respectfully request that the Defendants Motion to Disqualify Plaintiff's Counsel be DENIED with PREJUDICE, and that the Defendant's be sanctioned for filing such a frivolous Motion for other and further relief as may be deemed just and proper.

Respectfully submitted,

LAW OFFICE OF KIM PARKER, P.A.

/s/ Kim Parker
_____
Kim Parker, Esq., (Bar#23894)
Attorney for Plaintiff
2123 Maryland Avenue
Baltimore, Maryland 21218
410-234-2621-F; 410-234-2612
kp@kimparkerlaw.com

## **CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY, that the foregoing was delivered via electronic mail on August 11, 2010, to :

Ronald B. Katz, Esquire
via: rkatz@rbkpa.net
Counsel for Defendant(s)

                                      /s/ Kim Parker
                                      _____
                                        Kim Parker, Esq. (Counsel for Plaintiff)

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| IN RE: | Chapter 11 |
| **NANCY V. JACKSON** | |
| *Debtor* | Case No.: **09-33905** |

* * * * * * * * * * * * * *

|  |  |
|---|---|
| **NANCY V. JACKSON** | |
| *Plaintiff* | |
| v. | Adversary No.: **10-00229** |
| **RONALD KATZ**, *et al* | |
| *Defendant* | |

* * * * * * * * * * * * * *

**ORDER DENYING WITH PREJUDICE DEFENDANTS
MOTION TO DISQUALIFY PLAINTIFF'S COUNSEL**

Upon consideration of the Defendants Motion to Disqualify Plaintiff's Counsel, good cause having not been shown, it is hereby this day ORDERED that the Motion be and is hereby the same DENIED WITH PREJUDICE.

cc:

Ronald Katz, Esq.- Counsel for Defendant
11403 Cronridge Dr.,
Suite 230
Owings Mills, MD 21117-2219

Kim Parker, Esq.-Counsel for Plaintiff
2123 Maryland Avenue
Baltimore, Maryland 21218

E<small>ND OF</small> O<small>RDER</small>