IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| IN RE: | Chapter 11 |
|     NANCY V. JACKSON | |
|     Debtor | Case No.: 09-33905 |
| * * * * * * * * * * * * * | |
| NANCY V. JACKSON | |
|     Plaintiff | |
| v. | Adversary No.: <u>10-00229</u> |
| RONALD KATZ, *et al* | |
|     Defendants | |
| * * * * * * * * * * * * * | |

## <u>EMERGENCY MOTION FOR PROTECTIVE ORDER<br>AND TO QUASH SUBPOENA</u>

NOW COMES, Nancy V. Jackson, "Plaintiff", by her attorneys KIM PARKER and The LAW OFFICE OF KIM PARKER, P.A., and Files this Emergency Motion for Protective Order and Quash Subpoena and for her cause state:

On August 18, 2010, undersigned counsel was served with a Subpoena and Notice of Deposition Duces Tecum from the Defendants. (Exhibit A)

The Subpoena and Notice of Deposition Duces Tecum on its face is deficient as it seeks to illicit information otherwise protected by the Attorney-Client privilege. Moreover, the Subpoena and Notice of Deposition Duces Tecum was clearly filed in bad faith and is deserving of the appropriate sanctions.

FRCP 45 (c)(3)(i) authorizes the court to quash a subpoena if it fails to allow reasonable time to comply, or subjects a person to undue burden.

In the Notice of Deposition, the Defendants request the undersigned counsel to testify under oath regarding documents that are protected by the attorney client privilege. The work product doctrine is codified in Maryland Rules of Civil Procedure, Rule 2-402(c). The Maryland rule and Federal Rule of Civil Procedure 26(b)(3) are nearly identical, the Maryland courts look to the federal decisions for guidance. <u>E.I. du Pont de Nemours & Co. v. Forma-Pack, Inc</u>., 351 Md. 396, 407, 718 A.2d 1129, 1134 (1998). See also, <u>McLain, Maryland Evidence</u>, §503.21 n.1 (2001). In Maryland, as in the Federal system, there are two types of work-product privilege. "Mental impressions, conclusions, opinions, or legal theories of an attorney" are subject to an unqualified privilege against disclosure. Md. Rule 2-402(c). "Documents or other tangible things prepared in anticipation of litigation" are subject to a qualified privilege that protects them from disclosure unless a party shows "substantial need" and" undue hardship."

Furthermore, the undersigned is counsel in this case to the Plaintiff, Nancy V. Jackson and is protected by the attorney-client privilege as codified in the Md. Code (1974, 1995 Repl. Vol.), Courts and Judicial Proceedings Art., § 9-108, which and states that:

> [a] person may not be compelled to testify in violation of the attorney-client privilege.

Maryland has adopted Wigmore's definition of the attorney-client privilege, as the statute does not define the privilege:

> (1) Where legal advice of [any] kind is sought (2) from a professional legal advisor in his capacity as such (3) the communications relating to that purpose (4) made in confidence (5) by the client (6) are at his insistence permanently protected (7) from disclosure by himself or by the legal adviser, (8) except the protection [may] be waived. <u>Harrison v State,</u> 276 Md. 122, 135, 345 A. 2d 830 (1975) (quoting 8 John H. Wigmore, Wigmore On Evidence §2292, at 554 (McNaughton rev. ed 1961).

Maryland Rule 1.6(b)(2) It permits a lawyer to reveal information relating to representation "to rectify the consequences of a client's criminal or fraudulent act in the

furtherance of which the lawyer's services were used . . . ." The Defendants have not alleged any facts that would rise to a criminal or fraudulent act on the part of the Plaintiff.

Maryland Rule 1.6 expands the principle of confidentiality in the following respects: first, the confidentiality requirement applies to all information about a client "relating to the representation." Maryland Rule 1.6, on the other hand, imposes confidentiality on information relating to the representation even if it is acquired before or after the relationship existed, and regardless of whether the information is embarrassing or detrimental. Maryland Rule 1.6(a) also permits a lawyer to disclose information where impliedly authorized in order to carry out the representation.

As is evident below, Defendant's counsel have engaged in a practice to not only harass the debtor but also its counsel Kim Parker.

On August 10, 2010, counsel for the Defendant filed a baseless Motion to Disqualify Plaintiff's Attorney alleging that the undersigned counsel's testimony was relevant to this case and reciting again that the Plaintiff or her attorney were responsible for notifying creditor's to stop garnishments. Plaintiff repeats for reference herein, her averments in her Response to The Defendants Motion to Disqualify Counsel.

This matter has been fully briefed in the Plaintiff's Motion for Judgment on the Pleadings[1], and there are no material facts in dispute.

Counsel's testimony in the case is not needed as the Defendant Ronald B. Katz, in his answer has already admitted to the conversation between his office and the undersigned counsel as alleged in the Complaint.

In Defendant's Answer he states the following:

"Defendants deny the allegations of Paragraph 14, except that Defendants admit a

---

[1] Docket entry 31

phone conversation took place between Ronald B. Katz and Kim Parker on March 3, 2010. During that conversation, Kim Parker asked that Ronald B. Katz file a dismissal of the Writ of Garnishment of Wages (the "Wage Garnishment") on behalf of AmericasBANK. A copy of the Wage Garnishment is attached as Exhibit A. Mr. Katz stated that it was neither his nor his client's obligation to prepare and file any documents concerning the Wage Garnishment because all action was stayed. Further, Ronald B. Katz stated to Ms. Parker that she could prepare a document for his review for Mr. Katz to sign on behalf of AmericasBANK agreeing that the Wage Garnishment would not be dismissed and Ms. Jackson's employer should cease garnishing her wages and sending checks to Mr. Katz's office pending the conclusion of Ms. Jackson's bankruptcy." Answer ¶8

As demonstrated in the above-answer, It is undisputed that Defendant Katz and undersigned counsel had a conversation regarding the Plaintiff's bankruptcy case. It is undisputed that undersigned counsel requested that Defendant Katz file a dismissal of the writ of garnishment. It is undisputed that the Defendant Katz stated it was neither his client nor his obligation to prepare and file any documents concerning the wage garnishment.

Whether counsel faxed the Defendant Katz a letter confirming her conversation is of no consequence. The greater issue is whether Defendant Katz had notice of the Bankruptcy and clearly he did as is evident by Defendant Katz' answer.

It is unnecessary for the undersigned counsel to testify as a witness, to the above described actions which are undisputed by the parties.

The Defendants are using the aforementioned Subpoena to continue to harass the Plaintiff and her counsel. The Subpoena was clearly filed in bad faith.

WHEREFORE, Undersigned Counsel respectfully request that:

(a)     The Subpoena be QUASHED; and

(b)     That she be granted a Protection ORDER; and

(c)     For further relief as may be deemed just and proper

Respectfully submitted,
LAW OFFICE OF KIM PARKER, P.A.

/s/ Kim Parker
_____

Kim Parker, Esq., (Bar#23894)
Attorney for Plaintiff
2123 Maryland Avenue
Baltimore, Maryland 21218
410-234-2621-F; 410-234-2612
kp@kimparkerlaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that the foregoing Motion to Quash was delivered via electronic mail on August 28, 2010, to :

Eric A. Hartlaub, Esq.
ehartlaub@rbkpa.net
Counsel for Defendant(s)

/s/ Kim Parker
_____

Kim Parker, Esq. (Counsel for Plaintiff)